IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE SWANN | : | |
|    Petitioner | : | |
| | : | |
| v. | : | Civil Action No. RDB-07-172 |
| | : | |
| UNITED STATES OF AMERICA | : | |
|    Respondent | : | |

ooOoo

**MEMORANDUM OPINION**

Willie Swann, an inmate at the United States Penitentiary- Lee, filed this *pro se* motion for writ of mandamus seeking an order to compel the Department of Justice to provide copies of records of criminal investigation. Swann contends these files prove his "actual innocence."[1] For reasons to follow, the motion will be construed as an action under the Freedom of Information Act (FOIA), 5 U.S.C. §552, *et seq.*, and the Court will grant Swann twenty days to indicate whether he has exhausted available administrative remedies. In addition, the Court will grant Swann twenty days to either submit the $350.00 civil filing fee or file a motion to proceed *in forma pauperis*.

---

[1] Swann was convicted for possession of heroin and conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846 in 1990. *See United States v. Thomas, et al.*, Criminal Action No. JFM-90-166 (D. Md). The Court sentenced Swann to 360 months incarceration. His conviction was affirmed on appeal. *See United States v. Swann*, 952 F.2d 1396 (4th Cir. 1992) (Unpublished). On September 30, 1997, the Court denied his 28 U.S.C. § 2255 motion. His subsequent appeal of the denial was dismissed. *See United States v. Swann*, 139 F.3d 896 (4th Cir. 1998) (Unpublished). On September 19, 2000, Swann filed a second 28 U.S.C. § 2255. The motion was denied without prejudice on October 25, 2000. Defendant appealed the dismissal. The Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See United States v. Swann*, 11 Fed Appx. 125 (4th Cir. 2001) (unpublished). Swann's subsequent Rule 60(b) motion was construed pursuant to 28 U.S.C. §2255, and dismissed without prejudice. *See Swann v. United States*, Civil Action No. JFM-06-2638 (D. Md).

**I. Background**

On February 10, 2006, the Drug Enforcement Administration (DEA) sent copies of records to Swann pursuant to his FOIA request. According to the DEA letter accompanying the records, the materials were redacted in accordance with FOIA exemptions.[2] The DEA letter further advised Swann of his right to appeal any denial of his request within sixty days pursuant to 28 C.F.R. §16.9. It is unclear whether Swann has appealed the DEA decision. If Swann has noted an appeal, the results are unstated. For reasons apparent herein, the Court will construe this matter as a complaint for judicial review of an agency determination under the Freedom of Information Act.

**II. Discussion**

   **A. Mandamus**

Swann has titled the instant pleading as an application for writ of mandamus. A petitioner may invoke a federal court's extraordinary power to issue a writ of mandamus only by proving: 1) he has shown a clear right to the relief sought; 2) respondent has a clear duty to do the particular act requested; and 3) no other adequate remedy is available. *See Kerr v. United States District Court,* 426 U.S. 394, 402 (1976)*; In re Beard,* 811 F. 2d 818, 826 (4th Cir. 1987). On the limited facts presented thus far, Swann has neither shown a clear right to the relief he seeks nor a duty on the part of the United States to provide portions of the records he requests. Further, Swann fails to allege there are no other available remedies. Clearly, this pleading fails to meet the standards for award of mandamus relief.

   **B. Freedom of Information Act**

As a general rule, judicial review of an FOIA request may be sought only after exhaustion

---

[2]It is unclear whether Swann is contesting these deletions and/or is alleging that he has not been fully provided the records he seeks under the FOIA.

of administrative remedies. *See Pollack v. Department of Justice,* 49 F.3d 115 (4th Cir. 1995); *Oglesby v. United States Department of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). "Exhaustion of administrative remedies is generally required before filing a suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id*. at 61. A FOIA suit is subject to dismissal if a plaintiff fails to exhaust his administrative remedies. *See Hidalgo v. Federal Bureau of Investigation*, 344 F.3d 1256, 1260 (D.C. Cir. 2003).

In this case, the DEA letter bears an unsigned notation that reads: "Appealed March 30, 2006." It is unclear whether Swann appealed the FOIA determination. Accordingly, the Court will grant Swann twenty days to indicate whether he appealed the FOIA decision and the results of the appeal. An order consistent with this Memorandum Opinion follows.

February 28, 2007                                  /s/
Date                                                        RICHARD D. BENNETT
                                                                 UNITED STATES DISTRICT JUDGE